Simon, J.
The state of this case is this: John D. Harding died on the 30th of December, 1842, and, in February, 1843, the defendant, Holmes, qualified as the executor of his estate under the will of the deceased. The plaintiff, a short time afterwards, presented to the executor a detailed account of certain sums which he claimed against Harding’s estate for money advanced, payments of liabilities, notes, bills, &c., and interest thereon, amounting altogether to $4455 06, at the foot of which account the executor declared, in writing, that he had no objection to allowing the claim as a just demand against the estate, ifcc.; and a few days after, the plaintiff instituted the present suit to have his claim liquidated by a judgment. The defendant did not answer, and a judgment by default was taken against him ; but the universal legatee of the deceased intervened to resist the plain. *149 tiff’s demand, on the grounds that the debt sued on was never contracted by the deceased; that the interest of ten per cent claimed thereon is illegal, and cannot be allowed; and that the debt is prescribed, and was prescribed, before it was allowed by the executor, by the prescriptions of one, three and five years.
Judgment was rendered below in favor of the plaintiff for divers sums, amounting altogether in principal to $2744 70, some of them with legal interest from judicial demand, and others with ten per cent interest; and from this judgment, the intervenor appealed.
It appears from the evidence, that the plaintiff and the deceased had been in partnership in planting, until the fall of 1836, when the latter sold his half of the partnership property to the plaintiff for the sum of $15,371 25, payable in three equal annual instalments from the first of January, 1837, for which the purchaser furnished his three notes to the deceased; and it was agreed in the contract, that if the plaintiff should, at any time, before the same became due, pay any money on account of the contract, &e., that he should be entitled to discount from Harding, at the rate of ten per cent per annum. After the date of the sale, and at different periods, the plaintiff paid divers sums for Harding on the latter’s obligations which he took up for him, and made him divers advances by paying his bills in the manner set forth in the account presented ; the most prominent items of which consist in a sum of $1161 66, the amount received by Harding on plaintiff’s draft in favor of Holmes, on Watt, Burke & Co., being a balance due said plaintiff from his half of Harding and Owen’s crop of cotton, dated 11th of April, 1837 ; — in the sum of $655 75, as the amount of a due bill dated 14th of December, 1836, in which Harding declares under his signature, that there is due by him on settlement, for value received, of S. Owen, the aforesaid sum of money ; — in the sum of $35134, paid by plaintiff, in 1837, for the deceased, on a joint and several note of both partners for $2224 ; — in the sum of $166 70, being the price of a gold watch, which plaintiff paid to one Smith for the deceased, on the joint note of the partners, on the 3d of January, 1837; — in the sum of $150, which was the difference in value coming to the plaintiff, on a partition of negroes made between *150 the partners, in 1836; — in the sum of $104, being one-half of the purchase money of lot 53 from the government, the whole of which was paid by plaintiff; — in the sum of $100, being one-half of the amount paid by plaintiff to Newcomer, for lot 53 ;— and in divers small sums paid by plaintiff for tavern bills, traveling expenses, officers’ fees, &c., one-half of which is charged to the deceased.
The above sums, which were allowed by the Judge, a quo, appear to have been satisfactorily proven by the evidence. Indeed, we are satisfied that they were due by the deceased to the plaintiff, and that they were' properly allowed. The deceased often acknowledged that he was in debt to his former partner, and, without its being necessary to give any further statement of the testimony which the record contains, and which bears on the items which were proved, and for which the vouchers have all befen produced, it will suffice to say that, in this respect, there is no error in the judgment appealed from. There are but two points to be considered, to wit: one relative to the prescriptions pleaded by the intervenor, and the other with regard to the interest of ten per cent allowed below, on some items of the claim.
I. None of the prescriptions pleaded are applicable to the divers sums allowed below : neither of them comes within art. 3499 of the Civil Code, so as to be prescribed by one year, as to the plaintiff, who paid bills due by the deceased to innkeepers and others; none of the said items are for money lent directly to Harding, in the sense of art. 3503, although the sums claimed are for advances in money, made to him through a draft and other vouchers, which show how said sums were advanced, but which show also the title under which they are claimed, amounting to a liquidation of the amounts, which takes them out of the prescription of three years; and the due bill sued on, amounting to $655 75, is not prescribed by the prescription of five years, because it is not made payable to order or bearer, and is not transferable by endorsement or delivery. Civ. Code, art. 3505. See the case of Whiting and another v. Prentice and others, just decided, supra, p. 141. We do not understand that when an individual pays the debt of another, at the latter’s request, the ae *151 tion to recover the money advanced for that purpose, should be prescribed by the same prescription which is applicable to the debt itself; in such a case, the claim becomes one of the personal actions which are only prescribed by ten years. Civ. Code, art. 3508.
Browder and Stacy, for the plaintiff-
Willson, for the intervenor and appellant.
II. The interest of ten per cent given on some of the sums allowed, was not sustained by the evidence, and ought to have been rejected. It is true, the contract of sale produced on the trial below, stipulates a discount of ten per cent on any sum paid before it becomes due on account of the contract; but nothing shows that those sued for were ever considered by the parties as paid on account of the price of the sale; the contract is not declared upon in the petition as being the basis of the claim ; no evidence has been adduced to show what became of the notes, and why they were paid by the plaintiff, without requiring the credits and the discount thereon ; and the record contains no legal proof that the deceased ever agreed to pay interest, at the rate of ten per cent, on the sums he owed to the appellee.
It is, therefore, ordered and decreed, that the judgment appealed from be so modified, that instead of the interest of ten per cent therein allowed on divers sums of money therein detailed, the plaintiff be only entitled to recover five per cent interest on the aggregate amount of all his claims recognized in the said judgment, ($2744 70,) from judicial demand until paid; and it is further ordered and decreed, that said judgment be affirmed in all other respects, with costs in the court below, those in this court to be paid by the plaintiff and appellee.